UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH MARKHAM,<br><br>                Plaintiff,<br>     v.<br><br>CASH & CARRY STORES, LLC,<br>et al.,<br><br>                Defendants. | CASE NO. C17-0746JLR<br><br>ORDER TO SHOW CAUSE |

The court has reviewed Defendant Cash & Carry Stores, LLC's notice of removal (Not. (Dkt. # 1)) and finds that it does not adequately establish subject matter jurisdiction over this action. Specifically, Cash & Carry fails to show complete diversity or the requisite amount in controversy. *See* 28 U.S.C. § 1332(a).

Cash & Carry asserts that the court's jurisdiction is based on diversity of citizenship. (Not. at 2.) For purposes of assessing diversity, the court must consider the domicile of all members of a limited liability company. *Johnson v. Columbia Props.*

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *see also* Local Rules W.D. Wash. LCR 101(e). Plaintiff Deborah Markham alleges that she is a Washington resident. (Compl. (Dkt. # 2) ¶ 1.2.) However, neither the complaint nor the notice of removal identifies Cash & Carry's members or the domicile of those members. (*See id.* ¶ 1.3 (alleging that Cash & Carry is "a limited liability corporation formed under the laws of the State of Washington"); Not. at 2.)

Furthermore, Cash & Carry's corporate disclosure statement fails to establish Cash & Carry's domicile. (CDS (Dkt. # 4).) Cash & Carry alleges that it is a wholly owned subsidiary of Smart & Final Stores, LLC (*id.* ¶ 3), which makes Cash & Carry's domicile the same as Smart & Final's domicile, *see Johnson*, 437 F.3d at 899. Because Smart & Final is also an LLC, it too shares a domicile with each of its members. *See Johnson*, 437 F.3d at 899. However, Cash & Carry alleges only that Smart & Final "is a California [LLC] with its principal place of business in Commerce, California." (CDS ¶ 4.) Without knowing Smart & Final's members and their domiciles, the court cannot determine Cash & Carry's domicile. *See Johnson*, 437 F.3d at 899.

In addition, Cash & Carry's conclusory assertion that the amount in controversy exceeds $75,000.00 is insufficient. (*See* Not. at 2 (asserting that the amount in controversy meets the jurisdictional threshold "pursuant to Plaintiff's Statement of Damages and 28 U.S.C. § 1332(a)").) Ms. Markham's statement of damages is not in the record. (*See* Dkt.; *see also* Not. at 2); RCW 4.28.360. Furthermore, although Ms. Markham's complaint alleges several injuries, some of which are severe, it is not facially

apparent that her damages exceed $75,000.00.  (Compl. ¶¶ 5.1-5.6.)  "Where . . . it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, . . . the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) (internal citations and quotations omitted).  Cash & Carry's conclusory statement, unsupported by factual evidence, does not meet its burden of establishing the requisite amount in controversy by a preponderance of the evidence.  *See id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court. . . . [W]e have endorsed the . . . practice of considering facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal.  Conclusory allegations as to the amount in controversy are insufficient." (internal quotations omitted)).

If subject matter jurisdiction is lacking, the court must remand.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Accordingly, the court ORDERS Cash & Carry to SHOW CAUSE why this matter should not be remanded to state court by providing evidence demonstrating the court's subject matter jurisdiction

//

//

//

within ten (10) days of the date of this order. Ms. Markham may, but is not required to, respond to this order subject to the same deadline.

Dated this 23rd day of May, 2017.

JAMES L. ROBART
United States District Judge